**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3338-17T1

RICHARD RIVERA, LLC,

     Plaintiff-Appellant,

v.

TOWNSHIP OF BLOOMFIELD,
LOUISE M. PALAGANO,[1] in her
official capacity as Records
Custodian for the Township of
Bloomfield, ESSEX COUNTY
PROSECUTOR'S OFFICE, and
CHERYL M. CUCINELLO, in
her official capacity as Records
Custodian for the Essex County
Prosecutor's Office,

     Defendants-Respondents.

_____

     Argued December 18, 2019 – Decided January 9, 2020

     Before Judges Mayer and Enright.

     On appeal from the Superior Court of New Jersey, Law
     Division, Essex County, Docket No. L-7478-17.

---

[1] Because plaintiff resolved the matter with defendants Township of Bloomfield and Louise M. Palagano, they are not participating on appeal.

CJ Griffin argued the cause for appellant (Pashman Stein Walder Hayden PC, attorneys; CJ Griffin, of counsel and on the briefs).

Matthew I.W. Baker argued the cause for respondents Essex County Prosecutor's Office and Cheryl M. Cucinello (Genova Burns LLC, attorneys; Kathleen Barnett Einhorn, of counsel and on the brief; Matthew I.W. Baker, on the brief).

Jacob Schermerhorn Perskie argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Fox Rothschild LLP, attorneys; Jacob Schermerhorn Perskie, of counsel and on the brief; Jeanne LoCicero and Alexander Shalom, on the brief).

PER CURIAM

Plaintiff Richard Rivera, LLC[2] appeals from a March 12, 2018 order denying its order to show cause (OTSC) and dismissing its verified complaint. Plaintiff sought records related to a police-involved shooting under the OPRA. The motion judge held certain video recordings of the incident were exempt from disclosure because they fell under the criminal investigatory records exception to OPRA. As a result, the judge denied plaintiff's OPRA request and attorney's fees. We reverse.

---

[2] Plaintiff provides expert witness services regarding police practices and serves as a consultant on police matters. The company routinely files requests pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, for records related to incidents of force by police officers, particularly incidents involving deadly shootings, and reviews dash and body camera footage of such incidents.

A-3338-17T1

Plaintiff filed an OPRA request for government records with defendant Township of Bloomfield (Bloomfield) and defendant Essex County Prosecutor's Office (ECPO) pertaining to a police-involved shooting. The shooting occurred in Bloomfield on August 18, 2017, when a knife wielding male was killed by police officers responding to a 9-1-1 call.

Three days after the shooting, plaintiff sought OPRA information from Bloomfield and the ECPO, including body-worn camera (BWC) footage. The next day, the ECPO partially responded to plaintiff's OPRA request, providing some of the information required pursuant to N.J.S.A. 47:1A-3(b). The ECPO advised, "the investigation is active and no additional information is available at this time." The ECPO acknowledged a full response to plaintiff's OPRA request was due on August 30, 2017, but sought an extension of time until September 20, 2017, "[d]ue to the nature of the request and relevant staff being on vacation."[3]

In response to plaintiff's OPRA request, Bloomfield produced use of force reports, dash camera footage, recordings of 9-1-1 calls related to the event, information pursuant to N.J.S.A. 47:1A-3(b), and use of force training

---

[3] Bloomfield also requested an extension of time to respond to plaintiff's OPRA request because it required approval from the ECPO to release records.

A-3338-17T1

certificates for the officers involved in the incident. Bloomfield denied plaintiff's request for the BWC footage because the ECPO "[did] not believe that the public's need for access outweigh[ed] the law enforcement interest in maintaining confidentiality of the . . . recordings (See Attorney General Law Enforcement Directive No. 2015-1, 11.2)." The ECPO adopted and incorporated Bloomfield's response to plaintiff's OPRA request.[4]

On October 18, 2017, plaintiff filed a verified complaint and OTSC alleging OPRA violations for failure to disclose the BWC footage and requesting attorney's fees. On October 24, 2017, the trial court entered the OTSC and scheduled a return date. Two months later, the ECPO filed opposition to plaintiff's OTSC and submitted a short certification from a Special Deputy Attorney General/Acting Assistant Prosecutor within the Professional Standards Bureau of the ECPO. According to the certification, the BWC footage was subject to an active investigation and therefore exempt from disclosure under OPRA.

---

[4] Neither Bloomfield nor the ECPO provided the information within twenty-four hours of plaintiff's OPRA request in accordance with N.J.S.A. 47:1A-3(b) (requiring release of information pursuant to an OPRA request "within 24 hours or as soon as practicable").

A-3338-17T1

On January 19, 2018, the trial court heard the parties' arguments. The judge ruled the BWC footage was exempt from OPRA disclosure because the footage was a criminal investigatory record and "not required by law to be made, maintained or kept pursuant to N.J.S.A. 47:1A-1.1." The judge further found the criminal investigation was ongoing and the public's need for access to the footage was "not outweighed by the [p]rosecutor's interest . . . in keeping this confidential." He found "no law that requires [BWC] recordings to be made or maintained" and therefore the ECPO "did not violate OPRA because they did not have to turn over the body footage." The judge also held the delay in responding to plaintiff's OPRA request was "de minimis" and not in violation of OPRA. Because the judge denied plaintiff's OPRA request in its entirety, he determined plaintiff was not entitled to attorney's fees.

On appeal, plaintiff argues the judge erred in determining the BWC footage was exempt from OPRA disclosure because the videos were criminal investigatory records. Plaintiff also contends the judge mistakenly concluded the ECPO's delay in responding to the OPRA request was "de minimis." Plaintiff additionally claims the judge erred in denying its request for attorney's fees.

We exercise de novo review of a trial court's legal conclusions concerning access to public records under OPRA. Drinker Biddle & Reath, LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 497 (App. Div. 2011). "[D]eterminations about the applicability of OPRA and its exemptions are legal conclusions" reviewable de novo. Carter v. Doe (In re N.J. Firemen's Ass'n Obligation), 230 N.J. 258, 273-74 (2017) (citing O'Shea v. Twp. of W. Milford, 410 N.J. Super. 371, 379 (App. Div. 2009)).

"Any analysis of OPRA must begin with the recognition that the Legislature created OPRA intending to make governmental records 'readily accessible' to the state's citizens 'with certain exceptions[] for the protection of the public interest.'" Gilleran v. Twp. of Bloomfield, 227 N.J. 159, 170 (2016) (alteration in original) (quoting N.J.S.A. 47:1A-1). To effectuate that purpose, OPRA establishes "a comprehensive framework for access to public records." Mason v. City of Hoboken, 196 N.J. 51, 57 (2008). In assessing the sufficiency of the agency's proofs submitted in support of its claim for nondisclosure, "a court must be guided by the overarching public policy in favor of a citizen's right of access." Courier News v. Hunterdon Cty. Prosecutor's Office, 358 N.J. Super. 373, 383 (App. Div. 2003) (citing N.J.S.A. 47:1A-1). Absent the necessary proofs, "a citizen's right of access is unfettered." Ibid. If it is

determined access has been improperly denied, the access sought shall be granted. N.J.S.A. 47:1A-6.

OPRA exempts certain government records from disclosure provided the information is deemed confidential, such as criminal investigatory records. N.J.S.A. 47:1A-1.1. A "'[c]riminal investigatory record' means a record which is not required by law to be made, maintained or kept on file that is held by a law enforcement agency which pertains to any criminal investigation or related civil enforcement proceeding." Ibid. If a record is not required by law to be made or maintained, then it is exempt from public disclosure under OPRA. See N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 551 (2017).

> [A]n agency seeking to withhold a record from disclosure as a criminal investigatory record must satisfy "both prongs of the exception" by demonstrating that the record is not required by law to be made, maintained or kept on file, and that it 'pertains' to a criminal investigation or related civil enforcement proceeding.
>
> [Paff v. Ocean Cty. Prosecutor's Office, 235 N.J. 1, 18 (2018) (citing Lyndhurst, 229 N.J. at 556).]

In determining whether the ECPO satisfied either prong to qualify for the criminal investigatory record exemption under OPRA, we review Attorney General Directive 2015-1, "Law Enforcement Directive Regarding Police Body

Worn Cameras (BWCs) and Stored BWC Recordings" 1 (July 28, 2015), https://www.nj.gov/oag/dcj/agguide/directives/2015-1_BWC.pdf. (Directive).

In the Directive, the Attorney General stated all police departments "must" satisfy the announced statewide standards regarding police BWCs and the storage of BWC recordings. Pursuant to his authority under "the Constitution of the State of New Jersey and Criminal Justice Act of 1970," the Attorney General "DIRECT[ED] that all law enforcement agencies and officers shall implement and comply with . . . procedures, standards, and practices concerning the use of body worn cameras and recordings." Directive at 2. The Directive identifies situations in which police departments equipped with BWCs must activate the BWCs. Id. at 8-10. It further instructs that BWCs must remain activated throughout an entire "encounter/event/episode" and police departments must retain BWC videos for at least ninety days. Id. at 11, 17.

A directive issued by the Attorney General is effectively a law. See Lyndhurst, 229 N.J. at 565 (holding "[t]he Attorney General is the State's chief law enforcement officer and has the authority to adopt guidelines, directives, and policies that bind police departments throughout the State"); see also Paff 235 N.J. at 21-22 (finding, unlike the power conferred to the Attorney General, an order issued by the municipal police chief does not have the force of law).

A-3338-17T1

The express language of the Directive is mandatory and applies to all law enforcement agencies subject to the supervision of the Attorney General. See O'Shea, 410 N.J. Super. at 384. The Directive clearly and unambiguously establishes statewide standards for use and retention of BWCs and imposes an affirmative duty on police officers in departments with BWCs to comply with its mandates. Because BWC footage is required by law to be made, maintained, and kept, it does not qualify as a "criminal investigatory record" exempt from disclosure under OPRA. Lyndhurst, 229 N.J. at 551, 565. Therefore, the ECPO failed to satisfy the first prong of the criminal investigatory record exception for the BWC footage to be exempt from disclosure under OPRA.

We next consider the ECPO's argument that §11.2 of the Directive establishes a different standard of review for disclosure of BWC footage. Section 11.2 applies only if §10.1 is inapplicable. If a request for BWC footage is made pursuant to OPRA, then §10.1(h) of the Directive governs access to and use of a BWC recording. Under §10.1(h), disclosure of BWC footage simply requires notice to the prosecutor or the Director of the Division of Criminal Justice. If a request for disclosure of BWC video is not pursuant to OPRA or any of the other authorized purposes enumerated in §10.1, then §11.2 grants the

prosecutor discretion in determining whether to disclose the BWC recording provided the footage relates to a criminal investigation.

The ECPO argued Directive §11.2 allows a prosecutor the discretion to exempt a record "for the protection of the public interest" consistent with N.J.S.A. 47:1A-1. Even if §11.2 of the Directive was applicable, the motion judge undertook no analysis to support his finding that the public's need for access to the footage was not outweighed by law enforcement's "interest in maintaining confidentiality." Directive at 22.

The ECPO did not claim the investigation would be hindered if the BWC footage was disclosed. Nor did the ECPO explain how its interest in maintaining confidentiality of the BWC video outweighed the public's interest in disclosure of the recordings. Absent any articulated basis in the record, we are unable to agree that the ECPO had a legitimate interest in maintaining confidentiality of the recording outweighing the public's right to access the information in accordance with OPRA.

Based on the foregoing, the ECPO failed to meet its burden of proof supporting denial of plaintiff's OPRA request for the BWC footage. Because access to the BWC video was improperly denied, the footage shall be released to plaintiff in accordance with N.J.S.A. 47:1A-6.

Since we conclude plaintiff is entitled to the BWC footage, we need not address plaintiff's argument that the ECPO's failure to release the requested information "within 24 hours or as soon as practicable, of a request" was a violation of N.J.S.A. 47:1A-3(b). However, we do not condone excessive delay or deliberate non-compliance with the statute compelling the timely disclosure of information requested under OPRA.

Because we reverse the judge's determination that the BWC footage was exempt from disclosure under OPRA, plaintiff, as a prevailing party, is entitled to an award of reasonable attorney's fees in accordance with N.J.S.A. 47:1A-6. Plaintiff shall file a motion in the trial court seeking an award of reasonable attorney's fees. We make no suggestion regarding the amount of any fees that may be awarded.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3338-17T1